**BICKEL & BREWER**
William A. Brewer III (WB 4085)
Holly Froum (HF 0705)
767 Fifth Avenue, 50th Floor
New York, New York 10153
(212) 489-1400
**Attorneys for Defendant Devcon International Corp.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
CASTLERIGG MASTER INVESTMENTS     :
LTD. AND SANDELL ASSET             :    Civ. No. 07 CV 3283 (PKC)
MANAGEMENT CORP.,                    :
                                          :   **ORIGINAL ANSWER AND**
               Plaintiff,        :   **AFFIRMATIVE DEFENSES**
                                          :
    -against-                          :
                                          :
DEVCON INTERNATIONAL CORP.,        :
                                          :
               Defendant.       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

      Defendant Devcon International Corp. ("Defendant" or "Devcon"), by and through its

counsel, Bickel & Brewer, as and for its Answer and Affirmative Defenses to the Original

Complaint (the "Complaint") of Castlerigg Master Investments, Ltd. ("Castlerigg") and Sandell

Asset Management Corp ("Sandell") (collectively "Plaintiffs") states as follows:

**I.**

**ORIGINAL ANSWER**

    1.      In response to Paragraph 1 of the Complaint, Devcon admits that in February

2006, it entered into a securities purchase agreement with Plaintiff Castlerigg, among others

("Securities Purchase Agreement"). Devcon further admits that it filed a registration statement

with the United States Securities and Exchange Commission ("SEC") in October 2006

("Registration Statement") and that it used its best efforts to have the Registration Statement

declared effective. The Registration Statement was not declared effective by the SEC, as of January 25, 2007, as a result of the SEC's unexpected new interpretation of Rule 415 of the Securities Act of 1933, as amended, which was neither foreseen by Devcon, Plaintiffs or their respective counsel. Furthermore, it could not have reasonably been expected to have been foreseen by those parties at the time they entered into the Securities Purchase Agreement. Devcon denies the remaining allegations in Paragraph 1 of the Complaint.

2.      In response to Paragraph 2 of the Complaint, Devcon denies that it was required to make any payment to Plaintiffs on January 25, 2007. Devcon denies the remaining allegations in Paragraph 2 of the Complaint.

3.      Devcon denies the allegations in Paragraph 3 of the Complaint.

4.      Devcon denies the allegations in the first sentence of Paragraph 4 of the Complaint. Devcon is without sufficient knowledge or information to admit or deny the allegations in the remainder of Paragraph 4 and, therefore, those allegations are denied.

5.      Devcon admits the allegations in Paragraph 5 of the Complaint.

6.      Devcon admits the allegations in Paragraph 6 of the Complaint.

7.      Devcon admits the allegations in Paragraph 7 of the Complaint.

8.      Devcon admits the allegations in Paragraph 8 of the Complaint.

9.      Devcon admits the allegations in Paragraph 9 of the Complaint.

10.     Devcon admits the allegations in Paragraph 10 of the Complaint.

11.     In response to Paragraph 12 of the Complaint, Devcon admits that its security services division provides security services to commercial and residential properties principally in New York and Florida. Devcon further admits that its materials division produces ready-mix concrete, crushed stone, sand, concrete block and asphalt and distributes bagged cement.

12.    In response to Paragraph 12 of the Complaint, Devcon admits it raised capital through the private placement of notes and convertible securities. Devcon further admits that it intended to use the funds it raised to acquire Guardian International, Inc. Devcon denies the remaining allegations in Paragraph 12 of the Complaint.

13.    In response to Paragraph 13 of the Complaint, Devcon admits that the subject transaction involved a private investment in Devcon, a public entity, but otherwise denies the allegations set forth in Paragraph 13 of the Complaint.

14.    In response to Paragraph 14 of the Complaint, Devcon is without sufficient knowledge or information to admit or deny the statement alleged in Paragraph 14 and, therefore, those allegations are denied.

15.    In response to Paragraph 15 of the Complaint, Devcon admits that under the terms of the Securities Purchase Agreement it entered with non-parties Steelhead Investments, Ltd., CS Equity II, LLC and Plaintiff Castlerigg, the aggregate principal amount of the notes purchased by those parties was $45,000,000.

16.    Devcon denies the allegations set forth in Paragraph 16 of the Complaint.

17.    Devcon denies the allegations set forth in Paragraph 17 of the Complaint.

18.    In response to Paragraph 18 of the Complaint, Devcon admits that it entered into a Securities Purchase Agreement on or about February 10, 2006 and that Plaintiffs attached a copy of the Securities Purchase Agreement as Exhibit 1 to the Complaint. Devcon refers the Court to that agreement for its full terms and conditions and otherwise denies the remaining allegations set forth in Paragraph 18 of the Complaint.

19.    In response to Paragraph 19 of the Complaint, Devcon admits that in February 2006, Plaintiff Castlerigg purchased a note for an aggregate amount of $7,000,000 and that on or

about October 20, 2006 it purchased 7,000 preferred shares from Devcon in exchange for the note.

20.    In response to Paragraph 20 of the Complaint, Devcon admits that it entered into a registration rights agreement in February 2006 with Plaintiff Castlerigg; and others, and that Plaintiffs attached a copy as Exhibit 2 to the Complaint ("Registration Rights Agreement"). Devcon refers the Court to that agreement for its full terms and conditions and otherwise denies the remaining allegations set forth in Paragraph 19 of the Complaint.

21.    In response to Paragraph 21 of the Complaint, Devcon admits that the selective and incomplete excerpt quoted in Paragraph 21 is from Section 2(a) of the Registration Rights Agreement.    Devcon refers the Court to the entirety of that agreement for a full and complete description of the agreements, rights and obligations therein.

22.    In response to Paragraph 22 of the Complaint, Devcon admits that it was to use its best efforts to cause its registration statement with the SEC to be declared effective and that it did undertake such efforts.  Devcon otherwise refers the Court to the entirety of the Registration Rights Agreement for a full and complete description of the parties agreements, rights and obligations therein.

23.    In response to Paragraph 23 of the Complaint, Devcon admits that the selective and incomplete excerpts specifically quoted in Paragraph 23 are found in Section 2(f) of the Registration Rights Agreement, however, Devcon refers the Court to the entirety of that agreement for a full and complete description of the agreements, rights and obligations therein. Devcon otherwise denies the remaining allegations set forth in Paragraph 23 of the Complaint

24.    In response to Paragraph 24 of the Complaint, Devcon admits that Plaintiffs attached a Certificate of Designations of Devcon International Corp. ("Certificate of

Designations") as Exhibit 3 to the Complaint. Devcon refers the Court to the entirety of the Certificate of Designations for a full and complete description of any "Triggering Events" thereunder and the parties' agreements, rights and obligations therein.

25.     In response to Paragraph 25 of the Complaint, Devcon admits that the Registration Rights Agreement is included within the definition of "Transaction Documents" in the Securities Purchase Agreement. Further responding, Devcon admits that the selective and incomplete excerpts specifically quoted in Paragraph 25 are found in Section 3(a)(vii) of the Certificate of Designations, however, Devcon refers the Court to the entirety of that document for a full and complete description of the rights and obligations therein. Devcon otherwise denies the remaining allegations set forth in Paragraph 25 of the Complaint.

26.     In response to Paragraph 26 of the Complaint, Devcon admits that it was to file a Registration Statement with the SEC and that it did file a Registration Statement before October 27, 2006.

27.     In response to Paragraph 27 of the Complaint, Devcon admits that it filed a Registration Statement with the SEC on October 23, 2006 to register Devcon common stock, which included the common stock underlying the preferred shares purchased by Castlerigg. Devcon otherwise denies the allegations set forth in Paragraph 27 of the Complaint.

28.     In response to Paragraph 28 of the Complaint, Devcon admits that through no fault of its own, but as a result of the SEC's unexpected new interpretation of Rule 415 of the Securities Act of 1933, as amended, which was neither foreseen by Devcon, Plaintiffs or their respective counsel, nor could have reasonably been expected to have been foreseen by those parties at the time they entered into the Securities Purchase Agreement, the SEC did not declare effective the Registration Statement filed by Devcon.

29.     In response to Paragraph 29 of the Complaint, Devcon realleges and incorporates by reference its responses to Paragraph 28 of the Complaint, as set forth above.

30.     In response to Paragraph 30 of the Complaint, Devcon realleges and incorporates by reference its responses to Paragraph 28 of the Complaint, as set forth above. Responding further, Devcon admits the Registration Statement has not been declared effective by the SEC.

31.     In response to Paragraph 31 of the Complaint, Devcon realleges and incorporates by reference its responses to Paragraph 28 of the Complaint, as set forth above. Responding further, Devcon states that the SEC's new and unexpected interpretation of Rule 415 rendered impossible the ability for the Registration Statement to be declared effective thereby excusing Devcon from any claim that it failed to have the Registration Statement declared effective. Responding further, Devcon denies the allegations set forth in Paragraph 31 of the Complaint.

32.     Devcon denies the allegations set forth in Paragraph 32 of the Complaint.

33.     In response to Paragraph 33 of the Complaint, Devcon denies that it was ever obligated to make any "Registration Delay Payment" to Castlerigg. Accordingly, Devcon denies the allegations set forth in Paragraph 33 of the Complaint.

34.     In response to Paragraph 34 of the Complaint, Devcon denies that it failed to timely make any payments due to Castlerigg and, therefore, denies the allegations set forth in Paragraph 34 of the Complaint.

35.     Devcon denies the allegations set forth in Paragraph 35 of the Complaint.

36.     In response to Paragraph 36 of the Complaint, Devcon admits that the selective and incomplete excerpt quoted in Paragraph 36 is from Section 3(c)(ii) of the Certificate of Designations. Devcon refers the Court to the entirety of that document for a full and complete description of the agreements, terms, rights and obligations therein.

37.    In response to Paragraph 37 of the Complaint, Devcon admits that it received from Plaintiffs a letter, dated January 31, 2007, which contained the quoted excerpt set forth in Paragraph 37 and asserted that Devcon had failed to make a payment on January 25, 2007 to Castlerigg. Devcon further admits that Plaintiffs attached a copy of that letter as Exhibit 4 to the Complaint. Devcon denies that it was obligated to make any payments to Castlerigg on January 25, 2007 and further denies the remaining allegations set forth in Paragraph 37 of the Complaint.

38.    Devcon denies the allegations set forth in Paragraph 38 of the Complaint, and refers the Court to the entirety of that document for a full and complete description of the agreements, terms, rights and obligations therein.

39.    In response to Paragraph 39 of the Complaint, Devcon denies that it was required to transmit a redemption price to Castlerigg and further denies the allegations set forth in Paragraph 39 of the Complaint.

40.    In response to Paragraph 40 of the Complaint, Devcon admits that the selective and incomplete excerpt quoted in Paragraph 40 is located within paragraph 17 of the Certificate of Designations. Devcon refers the Court to the entirety of that document for a full and complete description of the agreements, terms, rights and obligations therein.

41.    In response to Paragraph 41 of the Complaint, Devcon admits that the selective and incomplete excerpt quoted in Paragraph 41 is found within Section 9(k) of the Securities Purchase Agreement. Devcon refers the Court to the entirety of that agreement for a full and complete description of the agreements, terms, rights and obligations therein.

42.    In response to Paragraph 42 of the Complaint, Devcon incorporates by reference and reasserts its responses to Paragraphs 1-41 of the Complaint, as set forth above.

43.    In response to Paragraph 43 of the Complaint, Devcon admits that the Securities Purchase Agreement, the Registration Rights Agreement and the Certificate of Designations are each valid and binding documents.    Devcon denies the remaining allegations set forth in Paragraph 43 of the Complaint.

44.    Devcon denies the allegations set forth in Paragraph 44 of the Complaint.

45.    In response to Paragraph 45 of the Complaint, Devcon admits that Plaintiffs have generally performed their obligations in the referenced agreements, but denies that Plaintiffs have performed in accordance with requisite duties of good faith.

46.    In response to Paragraph 46 of the Complaint, Devcon is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 46 and, therefore, denies those allegations.

47.    In response to Paragraph 47 of the Complaint, Devcon admits that the Certificate of Designations sets forth certain rights in the event of a "Triggering Event" as described therein. Devcon refers the Court to the entirety of that agreement for a full and complete description of the agreements, terms, rights and obligations therein.    Devcon otherwise denies the remaining allegations set forth in Paragraph 47 of the Complaint.

48.    In response to Paragraph 48 of the Complaint, Devcon admits that the selective and incomplete excerpt quoted in Paragraph 48 is found in paragraph (17) of the Certificate of Designations.    Devcon refers the Court to the entirety of that agreement for a full and complete description of the agreements, terms, rights and obligations therein.

49.    In response to Paragraph 49 of the Complaint, Devcon denies that it has breached any obligations to Plaintiffs and that any remedy is necessary.    Further responding, Devcon denies the allegations set forth in Paragraph 49 of the Complaint.

50.    In response to Plaintiffs' Prayer For Relief, Devcon denies that Plaintiffs are entitled to any of the relief they seek in paragraphs A through E therein.

51.    To the extent not already addressed in the foregoing paragraphs, Devcon denies all other allegations in the Complaint.

## II.

## AFFIRMATIVE DEFENSES

52.    The Complaint fails to state a claim against Devcon upon which relief can be granted in Plaintiffs favor.

53.    Plaintiffs are barred from obtaining any relief against Devcon because of Plaintiffs' failure(s) to satisfy and fulfill all conditions precedent to any claim of recovery.

54.    Plaintiffs' claims against Devcon are barred because of their breaches of duty including, but not limited to, violations of duty imposed by contract, statute and/or any applicable law.

55.    Plaintiffs are barred from recovery because of the failure to mitigate any damages alleged to have been suffered or for which they seek relief.

56.    Plaintiffs' claim is barred by the doctrine of impossibility.

57.    Plaintiffs' claim for "Registration Delay Payments" is barred because they are an unenforceable penalty.

58.    Plaintiff Sandell's claim against Devcon is barred because of the lack of any privity of contract with Devcon.

## REQUEST FOR RELIEF

WHEREFORE, Devcon respectfully requests that this Court dismiss Plaintiffs' claims against Devcon and enter judgment in Devon's favor and against Plaintiffs, providing for the following relief:

a.    Actual damages;

b.    Reasonable attorneys' fees;

c.    Prejudgment and post-judgment interest at the highest rate(s) allowed by law; and

d.    All costs of this proceeding, and such other and further relief, at law and in equity, to which Devcon may be entitled and which this Court deems proper and just.

Dated: New York, New York
May 14, 2007

**BICKEL & BREWER**

By: _____
William A. Brewer III (WB 4085)
Holly R. Froum (HF 0705)

767 Fifth Avenue, 50th Floor
New York, New York 10153
(212) 489-1400

**ATTORNEYS FOR DEVCON
INTERNATIONAL, CORP.**

5132302.2
2041-02

-10-

**BICKEL & BREWER**
William A. Brewer III (WB 4085)
Holly Froum (HF 0705)
767 Fifth Avenue, 50th Floor
New York, New York 10153
(212) 489-1400
**Attorneys for Defendant Devcon International Corp.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
--------------------------------------------------------------------x
```
| | |
|---|---|
| CASTLERIGG MASTER INVESTMENTS LTD. and SANDELL ASSET MANAGEMENT CORP., | : |
| | : : Civ. No. 07 CV 3283 (PKC) |
| Plaintiffs, | : **RULE 7.1 STATEMENT** |
| - against – | : : |
| DEVCON INTERNATIONAL CORP., | : : |
| Defendant. | : : |

```
--------------------------------------------------------------------x
```

Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure and to enable the

District Judge of the Court to evaluate possible disqualification or recusal, the

undersigned counsel for Defendant, Devcon International Corp. (a private non-

governmental party), certifies that Defendant is a corporation publicly traded on the

NASDAQ National Market System. Further, Defendant has no parent corporation, and no

publicly held corporation owns 10% or more of Defendant's stock.

Dated: New York, New York
May 14, 2007

Respectfully submitted,

**BICKEL & BREWER**

By: _Holly Froum_

William A. Brewer III (WB 4085)
Holly R. Froum (HF 0705)

767 Fifth Avenue, 50th Floor
New York, New York 10153
(212) 489-1400

**ATTORNEYS FOR DEVCON
INTERNATIONAL, CORP.**

5132710.2
2041-02

CERTIFICATE OF SERVICE

I, Holly Froum, Esq., hereby certify that a true and correct copy of the foregoing

document has been sent by First Class mail and via the electronic filing system, on this

14th day of May, 2007 to the following counsel of record:

**McDermott, Will & Emery LLP**
Andrew B. Kratenstein
Michael R. Huttenlocher
340 Madison Avenue
New York, New York 10173-1922
Attorneys for Plaintiffs

By: _Holly Froum_
    Holly Froum, Esq.