UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

CASTLERIGG MASTER INVESTMENTS, LTD., :
AND SANDELL ASSET MANAGEMENT :
:
              Plaintiff(s), :   07 Civ. 3283 (PKC)
:
   - against - :
:
DEVCON INTERNATIONAL CORP. :   CIVIL CASE MANAGEMENT PLAN
:   AND SCHEDULING ORDER
              Defendant(s). :

------------------------------------------------------------ x

    This Civil Case Management Plan, submitted in accordance with Rule 26(f), Fed. R. Civ. P., is adopted as the Scheduling Order of this Court in accordance with Rule 16(f), Fed. R. Civ. P.

1. All parties do not consent to conducting all further proceedings before a Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c).

2. This case is not to be tried to a jury.

3. Amended pleadings may not be filed and additional parties may not be joined after June 15, 2007, except with leave of the Court. Any motion to amend or to join additional parties shall be filed within 30 days from the date of this Order.

4. Initial disclosure pursuant to Rules 26(a)(1), Fed. R. Civ. P., shall be completed not later than 14 days from the date of this Order.

5. All <u>fact</u> discovery shall be completed no later than October 1, 2007.

6. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the written consent of all parties without application to the Court, provided all fact discovery is completed by the date set forth in paragraph 5 above:

    a.    Initial requests for production of documents to be served by June 15, 2007.

    b.    Interrogatories to be served no earlier than June 15, 2007.

    c.    Depositions of fact witnesses to be completed by October 1, 2007.

    d.    Requests to Admit to be served no later than August 31, 2007.

Case 1:07-cv-03283-PKC   Document 13   Filed 06/01/2007   Page 2 of 3

-2-

7.     a.     All <u>expert</u> discovery shall be completed no later than November 20, 2007.

       b.     No later than thirty (30) days <u>prior to</u> the date in paragraph 5, <u>i.e.</u> the completion of all fact discovery, the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) from the party that bears the burden of proof on any claim for affirmative relief or affirmative defense shall be due before the expert report(s) of the opposing party's expert(s) on that claim or defense; and (ii) all expert discovery shall be completed by the date set forth in paragraph 7(a).

8.     All motions and applications shall be governed by the Court's Individual Practices, including pre-motion conference requirements. Pursuant to the authority of Rule 16(b)(2), Fed. R. Civ. P., a motion for summary judgment will be deemed untimely unless a request for a pre-motion conference relating thereto is made in writing within fourteen (14) days of the close of fact discovery (see paragraph 5 hereof).

9.     All counsel must meet face-to-face for at least one hour to discuss settlement within fourteen (14) days following the close of fact discovery.

10.     a.     Counsel for the parties have discussed an informal exchange of information in aid of an early settlement of this case and have agreed upon the following: there is no information that can be exchanged early to aid in an early settlement of this case.

       b.     Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and/or (iii) retention of a privately retained mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case: a settlement conference before a Magistrate Judge.

       c.     Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph b, be employed at the following point in the case (<u>e.g.</u> within the next sixty days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery): at the earliest mutually convenient date for the parties and the Magistrate Judge.

       d.     The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

11.     The Final Pretrial Submission Date is thirty (30) days following the close of fact and expert discovery (whichever is later). By the Final Pretrial Submission Date, the parties shall submit a Joint Pretrial Order prepared in accordance with the undersigned's Individual Practices and Rule 26(a)(3), Fed. R. Civ. P. Any motions <u>in limine</u> (for which the premotion conference requirement is waived) shall be filed by the Final Pretrial Submission Date. If this action is to be tried before a jury, proposed voir dire, jury instructions and verdict form shall also be filed by the Final Pretrial Submission Date.

Counsel are required to meet and confer on a joint submission of proposed jury instructions and verdict form, noting any points of disagreement in the submission. Jury instructions may not be submitted after the Final Pretrial Submission Date, unless they meet the standard of Rule 51(a)(2)(A), Fed. R. Civ. P. If this action is to be tried to the Court, proposed findings of fact and conclusions of law should be submitted by the Final Pretrial Submission Date.

12. Counsel for the parties have conferred and their present best estimate of the length of trial is: five days.

---

**TO BE COMPLETED BY THE COURT:** *Refer to Magistrate judge for settlement purposes.*

13. [Other directions to the parties]

14. The (next Case Management) (~~Final Pretrial Conference~~) is scheduled for *October 12 at 9:45 a.m.*

This ORDER may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend shall be made in a written application in accordance with paragraph 1(E) of the Court's Individual Practices and shall be made no less than five (5) days prior to the expiration of the date sought to be extended.

P. Kevin Castel
United States District Judge

Dated: New York, New York
June 1, 2007