BICKEL & BREWER
William A. Brewer III (WB 4805)
Michael L. Smith (MS 1784)
Holly R. Froum (HF 0705)
767 Fifth Avenue, 50th Floor
New York, New York 10153
(212) 489-1400
*Attorneys for Defendant Devcon International Corp.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

|  |  |  |
|---|---|---|
| CASTLERIGG MASTER INVESTMENTS, LTD. | : | |
| AND SANDELL ASSET MANAGEMENT | : | |
| CORP., | : | C.A. No. 07-CV-3283 |
|  | : | |
| Plaintiffs, | : | **NOTICE OF MOTION** |
|  | : | |
| - against – | : | |
|  | : | |
| DEVCON INTERNATIONAL CORP., | : | |
|  | : | |
| Defendant. | : | |

-------------------------------------------------------------------x

## NOTICE OF DEFENDANT'S MOTION FOR LEAVE TO FILE ITS FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES AND ORIGINAL COUNTERCLAIM

PLEASE TAKE NOTICE, that upon the attached Motion and Memorandum of Law in Support of Defendant's Motion for Leave to File Its First Amended Answer, Affirmative Defenses and Original Counterclaim ("Motion"), Defendant-Counterclaim Plaintiff Devcon International Corp. ("Devcon") will move this Court pursuant to Fed. R. Civ. P. 15(c), at a date to be determined, before the Honorable P. Kevin Castel at the United States Courthouse for the Southern District of New York, United States Courthouse, 500 Pearl Street, New York, NY 10007-1312 to grant its Motion and for such other relief as the Court deems just and proper.

**BICKEL & BREWER**

By: _____

William A. Brewer III (WB 4805)
Michael L. Smith (MS 1784)
Holly R. Froum (HF 0705)
767 Fifth Avenue, 50th Floor
New York, New York 10153
(212) 489-1400
*Attorneys for Defendant Devcon
International Corp.*

TO:    Hon. P. Kevin Castel
       United States District Court
       Southern District of New York
       Daniel Patrick Moynihan
       United States Courthouse
       500 Pearl Street
       New York, NY 10007-1312

       Andrew B. Kratenstein, Esq.
       Michael R. Huttenlocher
       McDermott, Will & Emery LLP
       340 Madison Avenue
       New York, New York 10173-1922

5136645.1
2041-02

BICKEL & BREWER
William A. Brewer III (WB 4805)
Michael L. Smith (MS 1784)
Holly R. Froum (HF 0705)
767 Fifth Avenue, 50th Floor
New York, New York 10153
(212) 489-1400
*Attorneys for Defendant Devcon International Corp.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

CASTLERIGG MASTER INVESTMENTS, LTD.  :
AND SANDELL ASSET MANAGEMENT CORP.,  :
                                     :   C.A. No. 07-CV-3283
                Plaintiffs,          :
                                     :   **DEFENDANT'S MOTION FOR**
      – against –                    :   **LEAVE TO FILE AMENDED**
                                     :   **ANSWER AND AFFIRMATIVE**
DEVCON INTERNATIONAL CORP.,          :   **DEFENSES WITH ORIGINAL**
                                     :   **COUNTERCLAIM**
                Defendant.           :


------------------------------------------------------------------x

## DEFENDANT'S MOTION FOR LEAVE TO FILE AMENDED ANSWER AND AFFIRMATIVE DEFENSES WITH ORIGINAL COUNTERCLAIM

Pursuant to Fed. R. Civ. P. 15(a) and pursuant to the Court's Scheduling Order dated June 1, 2007, Defendant Devcon International Corp. ("Devcon") moves this Court for leave to file its Amended Answer and Affirmative Defenses with Original Counterclaim (the "Motion") against Counterclaim-Defendant Castlerigg Master Investments, Ltd. ("Castlerigg"). Devcon filed its Original Answer and Affirmative Defenses on May 15, 2007 ("Original Answer"). In accordance with the terms of the Court's Scheduling Order, dated June 1, 2007, Devcon seeks leave to amend its Original Answer to assert a counterclaim against Castlerigg for breach of contract. Devcon has conferred in good faith with opposing counsel regarding the Motion.

Opposing counsel has advised that it does not consent to the Motion and reserves the right to oppose the Motion.

## I.

### FACTS AND PROCEDURAL HISTORY

This action was just commenced on April 24, 2007 when Plaintiffs filed their complaint against Devcon. That complaint asserts a breach of the contract claim and seeks specific performance. On May 15, 2007 Devcon filed its Original Answer to Plaintiffs' complaint denying Plaintiffs' claim that Devcon was in breach of contract.

On June 1, 2007 the parties attended a case management conference, wherein the parties agreed that any motion to amend pleadings may be filed by July 2, 2007. Pursuant to the case management conference and the parties' agreements, the Court entered an Order on the same date (the "Scheduling Order") providing that the parties may file motions to amend by July 2, 2007. Consistent with the Order, Devcon seeks to file its Amended Answer, Affirmative Defenses and Original Counterclaim.

In February 2006, Counter-Defendant Castlerigg ("Castlerigg") and other investors invested approximately $45 million in Counter-Plaintiff Devcon International Corp. ("Devcon").[1] The principal purpose of the investment ("Investment") was to provide Devcon with funds to acquire the outstanding stock of another entity, Guardian International, Inc. (the "Acquisition"). Consistent with their understanding of the parties' reasonable expectations at the time they entered into the Investment, each of the investors knew of Devcon's purpose and its intention to use the Investment proceeds to make the Acquisition.

---

[1] The parties entered into a Securities Purchase Agreement, a Certificate of Designations of Devcon International Corp. ("Certificate of Designations") and a Registration Rights Agreement. Copies of those agreements were attached to Plaintiffs' Original Complaint as Exhibits 1, 2 and 3, respectively.

As part of the Investment, Castlerigg received a note in exchange for $7,000,000, which was subsequently converted to a minority equity interest in Devcon of 7,000 shares of Devcon Preferred Stock (the "Preferred Shares"). Because Investment proceeds were being used for the Acquisition, in entering into the Investment the parties specifically contemplated that Castlerigg could not seek a redemption of its minority interest from Devcon before May 11, 2009, even upon the occurrence of a "Triggering Event" defined under the terms of the Certificate of Designations.

Despite the terms of their applicable agreements prohibiting such action, and notwithstanding the parties' reasonable expectations to the contrary at the time they entered into the Investment, by letter dated January 31, 2007, Castlerigg sought immediate redemption of the Preferred Shares Castlerigg acquired through the Investment (the "Notice of Redemption"). Castlerigg also took other action completely inconsistent with the parties' reasonable expectations at the time they entered into the Investment. In so doing, Castlerigg deliberately and knowingly breached the parties' agreements, including Castlerigg's duties of good faith and fair dealing, which has impaired the value of the Investment for Devcon and has further caused it harm. Accordingly, Devcon asserts its claim for breach of contract to recover the damages its incurred as a result of Castlerigg's wrongful conduct.

## II.

## SUMMARY OF ARGUMENT

This Court should grant Devcon's Motion because the proposed amended pleading will ensure that claims are properly presented to the court. Additionally, Devcon has complied with the Court's Scheduling Order. Leave to amend should be freely granted and Counterclaim Defendant will not be prejudiced by allowing the Motion.

## III.

## ARGUMENTS AND AUTHORITIES

**A.    Legal Standards Applicable To Motions For Leave.**

Pursuant to Fed. R. Civ. P. 15(a), leave to amend a pleading shall be freely granted when justice so requires.[2] Thus, absent undue prejudice, bad faith or dilatory motive on the part of the movant, courts typically are to grant a motion to amend a pleading so long as the movant has demonstrated "at least colorable grounds for relief."[3] Here, leave should be granted to permit Devcon to file its Amended Answer, Affirmative Defenses with Original Counterclaim for breach of contract.

**B.    No Substantial Reason Exists To Deny Devcon's Request For Leave To Amend.**

As discussed above, leave to amend shall be freely granted. In deciding whether to grant such leave, the court may consider such factors as undue delay, bad faith, or dilatory motive on the part of the movant. A review of those factors in the present case demonstrates that there is no substantial reason to deny Devcon's request for leave to amend.

---

[2] Fed. R. Civ. P. 15(a); *Schanbarger v. Falls*, 1989 U.S. Dist. LEXIS 10019, No. 88-CV-1208, (N.D.N.Y Aug. 22, 1989); *Schwimmer v. Guardian Life Ins. Co.*, 1996 U.S. Dist. LEXIS 3853 at *3 (S.D.N.Y. Apr. 1, 1996) (motion to amend granted where "it is not so frivolous or outlandish to render it futile"); *S. Boston Mgmt. Corp. v. BP Prods. N. Am., Inc.*, 03 Civ. 6845, 2004 U.S. Dist. LEXIS 23349 at * 6-7 (S.D.N.Y. Nov. 17, 2004) ("[T]he motion to amend will be granted unless, in reviewing the factual allegations set forth in the pleadings, 'it appears beyond a doubt that the [movant] can prove no set of facts in support of [its] claim which would entitle [it] to relief.'") (*citing Barrett v. United States Banknote Corp.*, 806 F. Supp. 1094 at 1098 (S.D.N.Y. 1992)). Further, "review of the motion requires that the Court 'merely . . . access the legal feasibility of the complaint, not [assay] the weight of the evidence which might be offered in support thereof.'" *S. Boston Mgmt. Corp.*, 2004 U.S. Dist. LEXIS 23349 at * 7 (citing *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities Corp, et al.*, 748 F.2d 774, 779 (2d Cir. 1984)).

[3] *Kreinik v. Showbran Photo, Inc.*, 02 Civ. 1172(RMB)(DF), 2003 U.S. Dist. LEXIS 18276, 2003 WL 22339268, at *2 (S.D.N.Y. Oct. 14, 2003) (granting motion to amend the complaint).

This case has just commenced and Devcon's request for leave complies with the timing set forth in the Court's Scheduling Order. Devcon has not delayed or been dilatory in asserting its Counterclaim. In addition, because this action is new, and discovery has only just commenced, permitting Devcon to assert its Counterclaim at the outset of this litigation will not prejudice Castlerigg. Accordingly, justice requires that Devcon be allowed to amend its Original Answer.

## IV.

## <u>CONCLUSION</u>

For the foregoing reasons, Devcon respectfully requests that the Court permit it to file its Amended Answer, Affirmative Defenses and Counterclaims, and that it grant Devcon all other appropriate relief.

Respectfully submitted,

**BICKEL & BREWER**

William A. Brewer III (WB 4805)
Michael L. Smith (MS 1784)
Holly R. Froum (HF 0705)
767 Fifth Avenue
New York, New York  10153
Telephone:  212-489-1400
Telecopier:  212-489-2384

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2007, I caused to be served by First Class Mail and via the

Electronic Filing System the foregoing documents on the following counsel of record:


Andrew B. Kratenstein, Esq.
Michael R. Huttenlocher, Esq.
McDermott Will & Emery LLP
340 Madison Avenue
New York, New York 10173

_____
Holly R. Froum


5136635.3
2041-02

BICKEL & BREWER
William A. Brewer III (WB 4805)
Michael L. Smith (MS 1784)
Holly R. Froum (HF 0705)
767 Fifth Avenue, 50th Floor
New York, New York 10153
(212) 489-1400
*Attorneys for Defendant Devcon International Corp.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

| | | |
|---|---|---|
| CASTLERIGG MASTER INVESTMENTS LTD. and SANDELL ASSET MANAGEMENT CORP., | : | |
| Plaintiffs, | : | |
| - against – | : | Civil Action No. 07 CV 3283 (PKC) |
| DEVCON INTERNATIONAL CORP, | : | **ORDER** |
| Defendant. | : | |

-------------------------------------------------------------------x

Before the Court is Defendant's Motion for Leave to File Its First Amended Answer, Affirmative Defenses and Original Counterclaim ("Motion"), and the court having considered the papers, and for good cause shown:

**IT IS HEREBY ORDERED** on this _____ day of July, 2007, that:

Devcon's Motion for Leave to File an Amended Answer, Affirmative Defenses and Original Counterclaim is granted. The District Clerk is hereby directed to file Plaintiffs' First Amended Complaint in the records of the Court.

Dated: July _____, 2007
        New York, New York

_____
Hon. P. Kevin Castel
Judge of the United States District Court

5136646.1
2041-02

**BICKEL & BREWER**
William A. Brewer III (WB 4805)
Michael L. Smith (1784)
Holly R. Froum (HF 0705)
767 Fifth Avenue, 50th Floor
New York, New York 10153
(212) 489-1400
**Attorneys for Defendant Devcon International Corp.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

CASTLERIGG MASTER INVESTMENTS          :
LTD. AND SANDELL ASSET                 :
MANAGEMENT CORP.,                      :          Civ. No. 07 CV 3283 (PKC)
                                       :
                                       :
                         Plaintiffs,   :          **FIRST AMENDED ANSWER,**
                                       :          **AFFIRMATIVE DEFENSES AND**
                                       :          **COUNTERCLAIM**
                                       :
         -against-                     :
                                       :
                                       :
DEVCON INTERNATIONAL CORP.,            :

                         Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

        Defendant Devcon International Corp. ("Defendant" or "Devcon"), by and

through its counsel, Bickel & Brewer, as and for its First Amended Answer and

Affirmative Defenses to the Original Complaint (the "Complaint") of Castlerigg Master

Investments, Ltd. ("Castlerigg") and Sandell Asset Management Corp ("Sandell")

(collectively "Plaintiffs") and Counterclaim against Castlerigg states as follows:

1

## I.

## <u>AMENDED ANSWER</u>

1.      In response to Paragraph 1 of the Complaint, Devcon admits that in February 2006, it entered into a securities purchase agreement with Plaintiff Castlerigg, among others ("Securities Purchase Agreement").  Devcon further admits that it filed a registration statement with the United States Securities and Exchange Commission ("SEC") in October 2006 ("Registration Statement") and that it used its best efforts to have the Registration Statement declared effective.  The Registration Statement was not declared effective by the SEC, as of January 25, 2007, as a result of the SEC's unexpected new interpretation of Rule 415 of the Securities Act of 1933, as amended, which was neither foreseen by Devcon, Plaintiffs or their respective counsel. Furthermore, it could not have reasonably been expected to have been foreseen by those parties at the time they entered into the Securities Purchase Agreement.  Devcon denies the remaining allegations in Paragraph 1 of the Complaint.

2.      In response to Paragraph 2 of the Complaint, Devcon denies that it was required to make any payment to Plaintiffs on January 25, 2007.  Devcon denies the remaining allegations in Paragraph 2 of the Complaint.

3.      Devcon denies the allegations in Paragraph 3 of the Complaint.

4.      Devcon denies the allegations in the first sentence of Paragraph 4 of the Complaint.  Devcon is without sufficient knowledge or information to admit or deny the allegations in the remainder of Paragraph 4 and, therefore, those allegations are denied.

5.      Devcon admits the allegations in Paragraph 5 of the Complaint.

6.      Devcon admits the allegations in Paragraph 6 of the Complaint.

7.      Devcon admits the allegations in Paragraph 7 of the Complaint.

8.    Devcon admits the allegations in Paragraph 8 of the Complaint.

9.    Devcon admits the allegations in Paragraph 9 of the Complaint.

10.    Devcon admits the allegations in Paragraph 10 of the Complaint.

11.    In response to Paragraph 12 of the Complaint, Devcon admits that its security services division provides security services to commercial and residential properties principally in New York and Florida. Devcon further admits that its materials division produces ready-mix concrete, crushed stone, sand, concrete block and asphalt and distributes bagged cement.

12.    In response to Paragraph 12 of the Complaint, Devcon admits it raised capital through the private placement of notes and convertible securities. Devcon further admits that it intended to use the funds it raised to acquire Guardian International, Inc. Devcon denies the remaining allegations in Paragraph 12 of the Complaint.

13.    In response to Paragraph 13 of the Complaint, Devcon admits that the subject transaction involved a private investment in Devcon, a public entity, but otherwise denies the allegations set forth in Paragraph 13 of the Complaint.

14.    In response to Paragraph 14 of the Complaint, Devcon is without sufficient knowledge or information to admit or deny the statement alleged in Paragraph 14 and, therefore, those allegations are denied.

15.    In response to Paragraph 15 of the Complaint, Devcon admits that under the terms of the Securities Purchase Agreement it entered with non-parties Steelhead Investments, Ltd., CS Equity II, LLC and Plaintiff Castlerigg, the aggregate principal amount of the notes purchased by those parties was $45,000,000.

16.    Devcon denies the allegations set forth in Paragraph 16 of the Complaint.

17.    Devcon denies the allegations set forth in Paragraph 17 of the Complaint.

18.    In response to Paragraph 18 of the Complaint, Devcon admits that it entered into a Securities Purchase Agreement on or about February 10, 2006 and that Plaintiffs attached a copy of the Securities Purchase Agreement as Exhibit 1 to the Complaint. Devcon refers the Court to that agreement for its full terms and conditions and otherwise denies the remaining allegations set forth in Paragraph 18 of the Complaint.

19.    In response to Paragraph 19 of the Complaint, Devcon admits that in February 2006, Plaintiff Castlerigg purchased a note for an aggregate amount of $7,000,000 and that on or about October 20, 2006 it purchased 7,000 preferred shares from Devcon in exchange for the note.

20.    In response to Paragraph 20 of the Complaint, Devcon admits that it entered into a registration rights agreement in February 2006 with Plaintiff Castlerigg; and others, and that Plaintiffs attached a copy as Exhibit 2 to the Complaint ("Registration Rights Agreement"). Devcon refers the Court to that agreement for its full terms and conditions and otherwise denies the remaining allegations set forth in Paragraph 19 of the Complaint.

21.    In response to Paragraph 21 of the Complaint, Devcon admits that the selective and incomplete excerpt quoted in Paragraph 21 is from Section 2(a) of the Registration Rights Agreement. Devcon refers the Court to the entirety of that agreement for a full and complete description of the agreements, rights and obligations therein.

22.    In response to Paragraph 22 of the Complaint, Devcon admits that it was to use its best efforts to cause its registration statement with the SEC to be declared

effective and that it did undertake such efforts. Devcon otherwise refers the Court to the entirety of the Registration Rights Agreement for a full and complete description of the parties agreements, rights and obligations therein.

23.    In response to Paragraph 23 of the Complaint, Devcon admits that the selective and incomplete excerpts specifically quoted in Paragraph 23 are found in Section 2(f) of the Registration Rights Agreement. However, Devcon denies that it owes Plaintiff Castlerigg Registration Delay Payments.

24.    In response to Paragraph 24 of the Complaint, Devcon admits that Plaintiffs attached a Certificate of Designations of Devcon International Corp. ("Certificate of Designations") as Exhibit 3 to the Complaint. Devcon refers the Court to the entirety of the Certificate of Designations for a full and complete description of any "Triggering Events" thereunder and the parties' agreements, rights and obligations therein.

25.    In response to Paragraph 25 of the Complaint, Devcon admits that the Registration Rights Agreement is included within the definition of "Transaction Documents" in the Securities Purchase Agreement. Further responding, Devcon admits that the selective and incomplete excerpts specifically quoted in Paragraph 25 are found in Section 3(a)(vii) of the Certificate of Designations, however, Devcon refers the Court to the entirety of that document for a full and complete description of the rights and obligations therein. Devcon otherwise denies the remaining allegations set forth in Paragraph 25 of the Complaint.

26.    In response to Paragraph 26 of the Complaint, Devcon admits that it was to file a Registration Statement with the SEC and that it did file a Registration Statement before October 27, 2006.

27.    In response to Paragraph 27 of the Complaint, Devcon admits that it filed a Registration Statement with the SEC on October 23, 2006 to register Devcon common stock, which included the common stock underlying the preferred shares purchased by Castlerigg.  Devcon otherwise denies the allegations set forth in Paragraph 27 of the Complaint.

28.    In response to Paragraph 28 of the Complaint, Devcon admits that through no fault of its own, but as a result of the SEC's unexpected new interpretation of Rule 415 of the Securities Act of 1933, as amended, which was neither foreseen by Devcon, Plaintiffs or their respective counsel, nor could have reasonably been expected to have been foreseen by those parties at the time they entered into the Securities Purchase Agreement, the SEC did not declare effective the Registration Statement filed by Devcon.

29.    In response to Paragraph 29 of the Complaint, Devcon realleges and incorporates by reference its responses to Paragraph 28 of the Complaint, as set forth above.

30.    In response to Paragraph 30 of the Complaint, Devcon realleges and incorporates by reference its responses to Paragraph 28 of the Complaint, as set forth above.  Responding further, Devcon admits the Registration Statement has not been declared effective by the SEC.

31.    In response to Paragraph 31 of the Complaint, Devcon realleges and incorporates by reference its responses to Paragraphs 23 and 28 of the Complaint, as set

forth above.  Responding further, Devcon denies that it owes Registration Delay Payments.  Among other things, any Registration Delay Payments, to the extent any were ever due, were waived by agreement, pursuant to Section 10 of the Registration Rights Agreement which was binding on Plaintiffs.  Responding further, Devcon states that the SEC's new and unexpected interpretation of Rule 415 rendered impossible the ability for the Registration Statement to be declared effective thereby excusing Devcon from any claim that it failed to have the Registration Statement declared effective.  Responding further, Devcon denies the allegations set forth in Paragraph 31 of the Complaint.

32.    Devcon denies the allegations set forth in Paragraph 32 of the Complaint.

33.    In response to Paragraph 33 of the Complaint, Devcon denies that it was ever obligated to make any "Registration Delay Payment" to Castlerigg.  Accordingly, Devcon denies the allegations set forth in Paragraph 33 of the Complaint.

34.    In response to Paragraph 34 of the Complaint, Devcon denies that it failed to timely make any payments due to Castlerigg and, therefore, denies the allegations set forth in Paragraph 34 of the Complaint.

35.    Devcon denies the allegations set forth in Paragraph 35 of the Complaint.

36.    In response to Paragraph 36 of the Complaint, Devcon admits that the selective and incomplete excerpt quoted in Paragraph 36 is from Section 3(c)(ii) of the Certificate of Designations.  Devcon refers the Court to the entirety of that document for a full and complete description of the agreements, terms, rights and obligations therein.  However, Devcon denies that Section 3(c)(ii) entitles Plaintiffs to seek redemption.

37.    In response to Paragraph 37 of the Complaint, Devcon admits that it received from Plaintiffs a letter, dated January 31, 2007, which contained the quoted

7

excerpt set forth in Paragraph 37 and asserted that Devcon had failed to make a payment on January 25, 2007 to Castlerigg. Devcon further admits that Plaintiffs attached a copy of that letter as Exhibit 4 to the Complaint. Devcon denies that it was obligated to make any payments to Castlerigg on January 25, 2007 and further denies the remaining allegations set forth in Paragraph 37 of the Complaint.

38.   Devcon denies the allegations set forth in Paragraph 38 of the Complaint, and refers the Court to the entirety of that document for a full and complete description of the agreements, terms, rights and obligations therein.

39.   In response to Paragraph 39 of the Complaint, Devcon denies that it was required to transmit a redemption price to Castlerigg and further denies the allegations set forth in Paragraph 39 of the Complaint.

40.   In response to Paragraph 40 of the Complaint, Devcon admits that the selective and incomplete excerpt quoted in Paragraph 40 is located within paragraph 17 of the Certificate of Designations. Devcon refers the Court to the entirety of that document for a full and complete description of the agreements, terms, rights and obligations therein.

41.   In response to Paragraph 41 of the Complaint, Devcon admits that the selective and incomplete excerpt quoted in Paragraph 41 is found within Section 9(k) of the Securities Purchase Agreement. Devcon refers the Court to the entirety of that agreement for a full and complete description of the agreements, terms, rights and obligations therein. However, Devcon denies that Plaintiffs are entitled to reasonable attorneys' fees and disbursements.

42.     In response to Paragraph 42 of the Complaint, Devcon incorporates by reference and reasserts its responses to Paragraphs 1-41 of the Complaint, as set forth above.

43.     In response to Paragraph 43 of the Complaint, Devcon admits that the Securities Purchase Agreement, the Registration Rights Agreement and the Certificate of Designations are each valid and binding documents.  Devcon denies the remaining allegations set forth in Paragraph 43 of the Complaint.

44.     Devcon denies the allegations set forth in Paragraph 44 of the Complaint.

45.     In  response to Paragraph 45 of the Complaint, Devcon denies that Plaintiffs have generally performed their obligations to Devcon in accordance with their requisite duties of good faith.

46.     In response to Paragraph 46 of the Complaint, Devcon is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 46 and, therefore, denies those allegations.

47.     In response to Paragraph 47 of the Complaint, Devcon admits that the Certificate of Designations sets forth certain rights in the event of a "Triggering Event" as described therein.  Devcon refers the Court to the entirety of that agreement for a full and complete description of the agreements, terms, rights and obligations therein.  Devcon otherwise denies the remaining allegations set forth in Paragraph 47 of the Complaint.

48.     In response to Paragraph 48 of the Complaint, Devcon admits that the selective and incomplete excerpt quoted in Paragraph 48 is found in paragraph (17) of the Certificate of Designations.  Devcon refers the Court to the entirety of that agreement for a full and complete description of the agreements, terms, rights and obligations therein.

49.    In response to Paragraph 49 of the Complaint, Devcon denies that it has breached any obligations to Plaintiffs and that any remedy is necessary.    Further responding, Devcon denies the allegations set forth in Paragraph 49 of the Complaint.

50.    In response to Plaintiffs' Prayer For Relief, Devcon denies that Plaintiffs are entitled to any of the relief they seek in paragraphs A through E therein.

51.    To the extent not already addressed in the foregoing paragraphs, Devcon denies all other allegations in the Complaint.

## II.

## AFFIRMATIVE DEFENSES

52.    The Complaint fails to state a claim against Devcon upon which relief can be granted in Plaintiffs' favor.

53.    Plaintiffs are barred from obtaining any relief against Devcon because of Plaintiffs' failure(s) to satisfy and fulfill all conditions precedent to any claim of recovery.

54.    Plaintiffs' claims against Devcon are barred because of their breaches of duty including, but not limited to, violations of duty imposed by contract, statute and/or any applicable law.

55.    Plaintiffs are barred from recovery because of the failure to mitigate any damages alleged to have been suffered or for which they seek relief.

56.    Plaintiffs' claim is barred by the doctrine of impossibility.

57.    Plaintiffs' claim for "Registration Delay Payments" is barred because they are an unenforceable penalty.

58.    Plaintiffs' claim for "Registration Delay Payments" is barred because the Registration Delay Payments were waived by agreement of the Required Holders, which agreement binds Plaintiffs under Section 10 of the Registration Rights Agreement.

59.    Plaintiff Sandell's claim against Devcon is barred because of the lack of any privity of contract with Devcon.

## III.

### NATURE OF THE CASE

60.    This is an action for breach of contract.  In February 2006, Counter-Defendant Castlerigg ("Castlerigg") and other investors invested approximately $45 million in Counter-Plaintiff Devcon International Corp. ("Devcon").[1]  The principal purpose of the investment ("Investment") was to provide Devcon with funds to acquire the outstanding stock of another entity, Guardian International, Inc. (the "Acquisition"). Each of the investors knew of that purpose and Devcon's intention to use the Investment proceeds to make the Acquisition.

61.    As part of the Investment, Castlerigg received a note in exchange for $7,000,000, which was subsequently converted to a minority equity interest in Devcon of 7,000 shares of Devcon Preferred Stock (the "Preferred Shares").  Because Investment proceeds were being used for the Acquisition, in entering into the Investment the parties specifically contemplated that Castlerigg could not seek a redemption of its minority interest from Devcon before May 11, 2009, even upon the occurrence of a "Triggering Event" under the terms of the Certificate of Designations.

---

[1] The parties entered into a Securities Purchase Agreement, a Certificate of Designations of Devcon International Corp. ("Certificate of Designations") and a Registration Rights Agreement. Copies of those agreements were attached to Plaintiffs' Original Complaint as Exhibits 1, 2 and 3, respectively.

62.    Despite the terms of their applicable agreements prohibiting such action, and notwithstanding the parties' intent and reasonable expectations to the contrary in entering into the Investment, by letter dated January 31, 2007, Castlerigg sought immediate redemption of the Preferred Shares Castlerigg acquired through the Investment (the "Notice of Redemption"). Castlerigg also took other action completely inconsistent with the parties' reasonable expectations at the time they entered into the Investment. In doing so, Castlerigg deliberately and knowingly breached the parties' agreements, including Castlerigg's duties of good faith and fair dealing, which has impaired the value of the Investment for Devcon and has further caused it harm. Accordingly, Devcon brings this action for breach of contract to recover the damages it incurred as a result of Castlerigg's wrongful conduct.

## IV.

## PARTIES

63.    Counter-Plaintiff Devcon International Corp. is a publicly traded corporation organized under the laws of the State of Florida with its corporate headquarters located at 595 South Federal Highway, Suite 500, Boca Raton, Florida 33432. Devcon is currently before the Court.

64.    Counter-Defendant Castlerigg Master Investments Ltd. is a corporation organized under the laws of the British Virgin Islands with its principal place of business at c/o Citco Fund Services (Curacao) N.V., Kaya Famboyan 9, P.O. Box 812, Curacao, Netherlands, Antilles. Castlerigg is currently before the Court.

## V.

## JURISDICTION AND VENUE

65.    Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1332(a)(2).

66.    The parties' contracts specifically provide that the parties irrevocably submit to the personal jurisdiction of the federal courts of the State of New York sitting in the City of New York, Borough of Manhattan.

67.    Venue is appropriate in this Court pursuant to 28 U.S.C. §1391(a) and the agreement of the parties.

## VI.

## FACTS

### A.    The Investment: Castlerigg – A Minority Holder

68.    In February 2006, Castlerigg and other investors invested approximately $45 million in Devcon.    The other investors were Steelhead Investments, Ltd. ("Steelhead") and CS Equity II LLC ("CS Equity"). The principal purpose of the Investment was to provide Devcon with capital to undertake the Acquisition and acquire the outstanding stock of another entity, Guardian International, Inc.  Each of the investors in the Investment knew of that purpose and Devcon's intention to use the Investment proceeds to make the Acquisition.

69.    Pursuant to a Securities Purchase Agreement, dated on or about February 10, 2006, Castlerigg agreed to purchase a note from Devcon for an aggregate amount of $7,000,000 ("Note"). The Note was later exchanged in October 2006 for 7,000 Preferred Shares, which were able to be converted into common shares of Devcon.  In addition to the Securities Purchase Agreement, the parties also entered into a Registration Rights Agreement and Certificate of Designations, which governed Castlerigg's rights and the parties intentions with respect to the Preferred Shares.

70.    The rights to which an investor is entitled under the parties' agreements varied depending on whether the investor was a "Required Holder" or merely a "Holder."

"Holder" was defined to include all investors in the Investment. By contrast, "Required Holder" was defined to mean only the investors holding a majority of the Preferred Shares. As a minority interest Holder, Castlerigg was not a Required Holder.

**B.     The Forbearance And Amendment Agreements**

71.     Under the terms of the Investment, Devcon was to file a registration statement with the United States Securities and Exchange Commission ("SEC") ("Registration Statement") and to seek to have the Registration Statement declared effective by the SEC. Devcon timely filed the Registration Statement in October 2006.

72.     Through no fault of its own, the Registration Statement was not declared effective by the SEC, as a result of the SEC's unexpected new interpretation of Rule 415 of the Securities Act of 1933, as amended, which was not foreseen by Devcon, Castlerigg or their respective counsel. Furthermore, it could not have reasonably been expected to have been foreseen by those parties at the time they entered into the Securities Purchase Agreement.

73.     The Registration Rights Agreement originally contemplated delay payments to investors ("Registration Delay Payments") under certain circumstances. If the filed Registration Statement was not declared effective by the SEC on or before January 25, 2007 (an "Effectiveness Failure"). Pursuant to Section 2(f)(i)(B)(ii) of the Registration Rights Agreement, however, any Registration Delay Payments that might become due would not become payable until thirty days after an Effectiveness Failure.

74.     In entering into the Investment, Castlerigg agreed that its rights under the Registration Rights Agreement were limited by, *inter alia*, Section 10 of that agreement ("Section 10"). Section 10 authorized <u>Required Holders</u> to enter into an agreement to amend or waive any provision of the Registration Rights Agreement. Furthermore,

14

pursuant thereto, a Required Holder's agreement to amend or waive any provision of the Registration Rights Agreement is binding on <u>all</u> the Holders provided that the agreement did not "have an adverse and disproportionate effect" on other investors. Thus, in accordance with the parties' intentions and their reasonable expectations at the time they entered into the Investment, unless Castlerigg was both adversely and disproportionately affected by an agreement of a Required Holder, Castlerigg expressly agreed to be bound by the Required Holder's agreement(s).

75.    In light of the SEC's unexpected and new interpretation of Rule 415, on April 2, 2007, Required Holders Steelhead and CS Equity entered into a waiver agreement with Devcon whereby all Registration Delay Payments, to the extent any may have been due, were waived (the "Forbearance and Amendment Agreements" or "waiver agreement"). Devcon agreed to a reduction in the conversion price of the Preferred Shares into common shares and a higher dividend payment. Devcon also made the same terms available to Castlerigg.

76.    Castlerigg was neither adversely nor disproportionately affected by the Forbearance and Amendment Agreements. Consequently, Castlerigg became bound by the terms of the Forbearance and Amendment Agreements. No Registration Delay Payments were owed to Castlerigg by Devcon.

77.    In any event, although Devcon contends that no Registration Delay Payments became due to Castlerigg, at a minimum Registration Delay Payments could not have been payable prior to February 24, 2007 – 30 days after any Effectiveness Failure.

15

C.    **Castlerigg's Wrongful Redemption Request**

    1.    <u>**Castlerigg's demand for redemption is entirely inconsistent with the parties' reasonable expectations at the time they entered into the Investment and the terms of the parties' agreements.**</u>

    78.    Notwithstanding the terms of the Investment, the Forbearance and Amendment Agreements, and the parties' intentions and reasonable expectations at the time they entered into the Investment, Castlerigg has asserted that Devcon failed to pay Registration Delay Payments on January 25, 2007, that such alleged failure was a "Triggering Event" under Section 3(a)(vii) of the Certificate of Designations, and that the alleged Triggering Event entitled it to demand that Devcon redeem its Preferred Shares.

    79.    Paragraph 3(a) of the Certificate of Designations identifies certain events as "Triggering Events" the occurrence of which affords investors certain rights including, in some cases, the right to request Devcon to redeem the investor's Preferred Shares. That right, however, was not available to Castlerigg.

    2.    <u>**No Right of Redemption**</u>

    80.    The Certificate of Designations provides that the occurrence of certain triggering events ("Triggering Events") allows <u>Required Holders</u> to request redemption of their shares immediately, however, <u>Holders</u> may not seek redemption from Devcon before May 11, 2009 (the "Put Date").

    81.    Specifically, Section 3(b)(i) of the Certificate of Designations provides that "after a Triggering Event, the Required Holders shall have the right to require the Company to redeem all or a portion of the Preferred Shares [at a certain price]." By contrast, Section 3(b)(ii) of the Certificate of Designations provides that "at any time on May 11, 2009 (the 'Put Date'), each Holder shall have the right, at such Holder's option to require the Company to redeem all or a portion of such Holder's Preferred Shares [at a

certain price]." As a result, even if a Triggering Event were to occur, Castlerigg agreed that it could not seek redemption of its shares before May 11, 2009. This agreement was consistent with the parties' reasonable expectations at the time they entered into the Investment.

82.    Notwithstanding the foregoing, by letter to Devcon, dated January 31, 2007 (prior to when Registration Delay Payments could have been payable, if any were due at all, which Devcon maintains there were none), Castlerigg wrongfully asserted that it was owed Registration Delay Payments and incorrectly claimed that non-payment by Devcon was a Triggering Event that entitled it to seek immediate redemption of its Preferred Shares. Thereafter, Castlerigg commenced litigation against Devcon asserting the same claims based upon the same erroneous theories.

83.    Castlerigg's wrongful actions, threats and demands, including those by and through its agents, have been entirely inconsistent with the terms of the parties' agreements and the intent and reasonable expectation of the parties at the time they entered into the Investment. Furthermore, they have served to directly impair the value of the Investment for Devcon. Accordingly, Castlerigg has breached its contract with Devcon, including Castlerigg's duties of good faith and fair dealing in connection with the Investment.

## VII.

### FIRST CLAIM FOR RELIEF

(Breach of the Duty of Good Faith and Fair Dealing)

84.    Devcon repeats and realleges paragraphs 60 through 83 as if fully set forth herein.

85.    Devcon entered into contracts and agreements with Castlerigg which imposed duties on Castlerigg to act in good faith consistent with the parties' reasonable expectations at the time they entered into the Investment and in accordance with the terms of the parties' agreements.

86.    As detailed above, the parties' agreement clearly provides that in the event of an Effectiveness Failure, any Registration Delay Payments would not be payable for thirty-days from the date of the Effectiveness Failure.    Furthermore, Castlerigg specifically agreed to be bound by a Required Holder's agreement(s) to amend and/or waive Holder rights under the Registration Rights agreement that did not adversely or disproportionately affect its interests, and was bound by the terms of the Forbearance and Amendment Agreements which waived any Registration Delay Payments.

87.    Moreover, even upon the occurrence of a Triggering Event, as defined in the Certificate of Designations, to the extent a right of redemption was triggered, Castlerigg could not seek the redemption of its Preferred Shares until the agreed upon "Put Date" of May 11, 2009.    This was consistent with the parties' reasonable expectations at the time of the Investment.  Because Devcon was using the Investment proceeds for the Acquisition, Devcon would not be required to return Castlerigg's investment to it before May 11, 2009.

88.    Castlerigg was fully aware of the terms of the parties' contracts and the parties' reasonable expectations in entering into the Investment.

89.    Castlerigg knowingly and wrongfully sent its demand on January 31, 2007, demanding performance by Devcon of obligations that were not owed to Castlerigg, demanding premature redemption of Castlerigg's Preferred Shares.

18

Furthermore, it has undertaken to act wholly inconsistent with the reasonable expectations of the parties at the time they entered into the Investment, including Castlerigg's continued demands and insistence on redemption of its Preferred Shares to which it is not entitled.

90. Castlerigg has breached contracts with Devcon, including its duties to Devcon of good faith and fair dealing. Castlerigg's actions directly contravene the reasonable expectations of the parties' at the time they entered into the Investment and have served to impair the value of the Investment for Devcon.

91. As a direct and proximate result of Castlerigg's actions and breaches, Devcon has suffered and sustained substantial injury for which Devcon seeks appropriate judicial relief including, but not limited to, the recovery of monetary damages (including compensatory and consequential damages) in an amount to be determined by the trier of fact.

## VIII.

### PRAYER FOR RELIEF

WHEREFORE, Devcon respectfully requests that this Court enter judgment in Devon's favor and against Castlerigg, providing for the following relief:

a. Compensatory and consequential damages;

b. Reasonable attorneys' fees;

c. Prejudgment and post-judgment interest at the highest rate(s) allowed by law; and

d. All costs of this proceeding, and such other and further relief, at law and in equity, to which Devcon may be entitled and which this Court deems proper and just.

Dated: New York, New York
July 2, 2007

**BICKEL & BREWER**

By: _____

William A. Brewer III (WB 4085)
Michael L. Smith (MS 1784)
Holly R. Froum (HF 0705)

767 Fifth Avenue, 50th Floor
New York, New York 10153
(212) 489-1400

**ATTORNEYS FOR DEVCON
INTERNATIONAL, CORP.**

5136639.7
2041-02

20

**BICKEL & BREWER**
William A. Brewer III (WB 4085)
Holly Froum (HF 0705)
767 Fifth Avenue, 50th Floor
New York, New York 10153
(212) 489-1400
**Attorneys for Defendant Devcon International Corp.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

|  |  |
|---|---|
| CASTLERIGG MASTER INVESTMENTS LTD. AND SANDELL ASSET MANAGEMENT CORP., | :     Civ. No. 07 CV 3283 (PKC) |
|  | : |
| Plaintiff, | :     **ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES** |
|  | : |
| -against- | : |
|  | : |
| DEVCON INTERNATIONAL CORP., | : |
|  | : |
| Defendant. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Defendant Devcon International Corp. ("Defendant" or "Devcon"), by and through its counsel, Bickel & Brewer, as and for its Answer and Affirmative Defenses to the Original Complaint (the "Complaint") of Castlerigg Master Investments, Ltd. ("Castlerigg") and Sandell Asset Management Corp ("Sandell") (collectively "Plaintiffs") states as follows:

**I.**

**ORIGINAL ANSWER**

1.     In response to Paragraph 1 of the Complaint, Devcon admits that in February 2006, it entered into a securities purchase agreement with Plaintiff Castlerigg, among others ("Securities Purchase Agreement"). Devcon further admits that it filed a registration statement with the United States Securities and Exchange Commission ("SEC") in October 2006 ("Registration Statement") and that it used its best efforts to have the Registration Statement

declared effective. The Registration Statement was not declared effective by the SEC, as of January 25, 2007, as a result of the SEC's unexpected new interpretation of Rule 415 of the Securities Act of 1933, as amended, which was neither foreseen by Devcon, Plaintiffs or their respective counsel. Furthermore, it could not have reasonably been expected to have been foreseen by those parties at the time they entered into the Securities Purchase Agreement. Devcon denies the remaining allegations in Paragraph 1 of the Complaint.

2. In response to Paragraph 2 of the Complaint, Devcon denies that it was required to make any payment to Plaintiffs on January 25, 2007. Devcon denies the remaining allegations in Paragraph 2 of the Complaint.

3. Devcon denies the allegations in Paragraph 3 of the Complaint.

4. Devcon denies the allegations in the first sentence of Paragraph 4 of the Complaint. Devcon is without sufficient knowledge or information to admit or deny the allegations in the remainder of Paragraph 4 and, therefore, those allegations are denied.

5. Devcon admits the allegations in Paragraph 5 of the Complaint.

6. Devcon admits the allegations in Paragraph 6 of the Complaint.

7. Devcon admits the allegations in Paragraph 7 of the Complaint.

8. Devcon admits the allegations in Paragraph 8 of the Complaint.

9. Devcon admits the allegations in Paragraph 9 of the Complaint.

10. Devcon admits the allegations in Paragraph 10 of the Complaint.

11. In response to Paragraph 12 of the Complaint, Devcon admits that its security services division provides security services to commercial and residential properties principally in New York and Florida. Devcon further admits that its materials division produces ready-mix concrete, crushed stone, sand, concrete block and asphalt and distributes bagged cement.

12.     In response to Paragraph 12 of the Complaint, Devcon admits it raised capital through the private placement of notes and convertible securities. Devcon further admits that it intended to use the funds it raised to acquire Guardian International, Inc. Devcon denies the remaining allegations in Paragraph 12 of the Complaint.

13.     In response to Paragraph 13 of the Complaint, Devcon admits that the subject transaction involved a private investment in Devcon, a public entity, but otherwise denies the allegations set forth in Paragraph 13 of the Complaint.

14.     In response to Paragraph 14 of the Complaint, Devcon is without sufficient knowledge or information to admit or deny the statement alleged in Paragraph 14 and, therefore, those allegations are denied.

15.     In response to Paragraph 15 of the Complaint, Devcon admits that under the terms of the Securities Purchase Agreement it entered with non-parties Steelhead Investments, Ltd., CS Equity II, LLC and Plaintiff Castlerigg, the aggregate principal amount of the notes purchased by those parties was $45,000,000.

16.     Devcon denies the allegations set forth in Paragraph 16 of the Complaint.

17.     Devcon denies the allegations set forth in Paragraph 17 of the Complaint.

18.     In response to Paragraph 18 of the Complaint, Devcon admits that it entered into a Securities Purchase Agreement on or about February 10, 2006 and that Plaintiffs attached a copy of the Securities Purchase Agreement as Exhibit 1 to the Complaint. Devcon refers the Court to that agreement for its full terms and conditions and otherwise denies the remaining allegations set forth in Paragraph 18 of the Complaint.

19.     In response to Paragraph 19 of the Complaint, Devcon admits that in February 2006, Plaintiff Castlerigg purchased a note for an aggregate amount of $7,000,000 and that on or

about October 20, 2006 it purchased 7,000 preferred shares from Devcon in exchange for the note.

20.    In response to Paragraph 20 of the Complaint, Devcon admits that it entered into a registration rights agreement in February 2006 with Plaintiff Castlerigg; and others, and that Plaintiffs attached a copy as Exhibit 2 to the Complaint ("Registration Rights Agreement"). Devcon refers the Court to that agreement for its full terms and conditions and otherwise denies the remaining allegations set forth in Paragraph 19 of the Complaint.

21.    In response to Paragraph 21 of the Complaint, Devcon admits that the selective and incomplete excerpt quoted in Paragraph 21 is from Section 2(a) of the Registration Rights Agreement.  Devcon refers the Court to the entirety of that agreement for a full and complete description of the agreements, rights and obligations therein.

22.    In response to Paragraph 22 of the Complaint, Devcon admits that it was to use its best efforts to cause its registration statement with the SEC to be declared effective and that it did undertake such efforts.  Devcon otherwise refers the Court to the entirety of the Registration Rights Agreement for a full and complete description of the parties agreements, rights and obligations therein.

23.    In response to Paragraph 23 of the Complaint, Devcon admits that the selective and incomplete excerpts specifically quoted in Paragraph 23 are found in Section 2(f) of the Registration Rights Agreement, however, Devcon refers the Court to the entirety of that agreement for a full and complete description of the agreements, rights and obligations therein. Devcon otherwise denies the remaining allegations set forth in Paragraph 23 of the Complaint

24.    In response to Paragraph 24 of the Complaint, Devcon admits that Plaintiffs attached a Certificate of Designations of Devcon International Corp. ("Certificate of

Designations") as Exhibit 3 to the Complaint. Devcon refers the Court to the entirety of the Certificate of Designations for a full and complete description of any "Triggering Events" thereunder and the parties' agreements, rights and obligations therein.

25.    In response to Paragraph 25 of the Complaint, Devcon admits that the Registration Rights Agreement is included within the definition of "Transaction Documents" in the Securities Purchase Agreement. Further responding, Devcon admits that the selective and incomplete excerpts specifically quoted in Paragraph 25 are found in Section 3(a)(vii) of the Certificate of Designations, however, Devcon refers the Court to the entirety of that document for a full and complete description of the rights and obligations therein. Devcon otherwise denies the remaining allegations set forth in Paragraph 25 of the Complaint.

26.    In response to Paragraph 26 of the Complaint, Devcon admits that it was to file a Registration Statement with the SEC and that it did file a Registration Statement before October 27, 2006.

27.    In response to Paragraph 27 of the Complaint, Devcon admits that it filed a Registration Statement with the SEC on October 23, 2006 to register Devcon common stock, which included the common stock underlying the preferred shares purchased by Castlerigg. Devcon otherwise denies the allegations set forth in Paragraph 27 of the Complaint.

28.    In response to Paragraph 28 of the Complaint, Devcon admits that through no fault of its own, but as a result of the SEC's unexpected new interpretation of Rule 415 of the Securities Act of 1933, as amended, which was neither foreseen by Devcon, Plaintiffs or their respective counsel, nor could have reasonably been expected to have been foreseen by those parties at the time they entered into the Securities Purchase Agreement, the SEC did not declare effective the Registration Statement filed by Devcon.

29.    In response to Paragraph 29 of the Complaint, Devcon realleges and incorporates by reference its responses to Paragraph 28 of the Complaint, as set forth above.

30.    In response to Paragraph 30 of the Complaint, Devcon realleges and incorporates by reference its responses to Paragraph 28 of the Complaint, as set forth above. Responding further, Devcon admits the Registration Statement has not been declared effective by the SEC.

31.    In response to Paragraph 31 of the Complaint, Devcon realleges and incorporates by reference its responses to Paragraph 28 of the Complaint, as set forth above. Responding further, Devcon states that the SEC's new and unexpected interpretation of Rule 415 rendered impossible the ability for the Registration Statement to be declared effective thereby excusing Devcon from any claim that it failed to have the Registration Statement declared effective. Responding further, Devcon denies the allegations set forth in Paragraph 31 of the Complaint.

32.    Devcon denies the allegations set forth in Paragraph 32 of the Complaint.

33.    In response to Paragraph 33 of the Complaint, Devcon denies that it was ever obligated to make any "Registration Delay Payment" to Castlerigg. Accordingly, Devcon denies the allegations set forth in Paragraph 33 of the Complaint.

34.    In response to Paragraph 34 of the Complaint, Devcon denies that it failed to timely make any payments due to Castlerigg and, therefore, denies the allegations set forth in Paragraph 34 of the Complaint.

35.    Devcon denies the allegations set forth in Paragraph 35 of the Complaint.

36.    In response to Paragraph 36 of the Complaint, Devcon admits that the selective and incomplete excerpt quoted in Paragraph 36 is from Section 3(c)(ii) of the Certificate of Designations. Devcon refers the Court to the entirety of that document for a full and complete description of the agreements, terms, rights and obligations therein.

37.    In response to Paragraph 37 of the Complaint, Devcon admits that it received from Plaintiffs a letter, dated January 31, 2007, which contained the quoted excerpt set forth in Paragraph 37 and asserted that Devcon had failed to make a payment on January 25, 2007 to Castlerigg. Devcon further admits that Plaintiffs attached a copy of that letter as Exhibit 4 to the Complaint. Devcon denies that it was obligated to make any payments to Castlerigg on January 25, 2007 and further denies the remaining allegations set forth in Paragraph 37 of the Complaint.

38.    Devcon denies the allegations set forth in Paragraph 38 of the Complaint, and refers the Court to the entirety of that document for a full and complete description of the agreements, terms, rights and obligations therein.

39.    In response to Paragraph 39 of the Complaint, Devcon denies that it was required to transmit a redemption price to Castlerigg and further denies the allegations set forth in Paragraph 39 of the Complaint.

40.    In response to Paragraph 40 of the Complaint, Devcon admits that the selective and incomplete excerpt quoted in Paragraph 40 is located within paragraph 17 of the Certificate of Designations. Devcon refers the Court to the entirety of that document for a full and complete description of the agreements, terms, rights and obligations therein.

41.    In response to Paragraph 41 of the Complaint, Devcon admits that the selective and incomplete excerpt quoted in Paragraph 41 is found within Section 9(k) of the Securities Purchase Agreement. Devcon refers the Court to the entirety of that agreement for a full and complete description of the agreements, terms, rights and obligations therein.

42.    In response to Paragraph 42 of the Complaint, Devcon incorporates by reference and reasserts its responses to Paragraphs 1-41 of the Complaint, as set forth above.

43.    In response to Paragraph 43 of the Complaint, Devcon admits that the Securities Purchase Agreement, the Registration Rights Agreement and the Certificate of Designations are each valid and binding documents. Devcon denies the remaining allegations set forth in Paragraph 43 of the Complaint.

44.    Devcon denies the allegations set forth in Paragraph 44 of the Complaint.

45.    In response to Paragraph 45 of the Complaint, Devcon admits that Plaintiffs have generally performed their obligations in the referenced agreements, but denies that Plaintiffs have performed in accordance with requisite duties of good faith.

46.    In response to Paragraph 46 of the Complaint, Devcon is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 46 and, therefore, denies those allegations.

47.    In response to Paragraph 47 of the Complaint, Devcon admits that the Certificate of Designations sets forth certain rights in the event of a "Triggering Event" as described therein. Devcon refers the Court to the entirety of that agreement for a full and complete description of the agreements, terms, rights and obligations therein. Devcon otherwise denies the remaining allegations set forth in Paragraph 47 of the Complaint.

48.    In response to Paragraph 48 of the Complaint, Devcon admits that the selective and incomplete excerpt quoted in Paragraph 48 is found in paragraph (17) of the Certificate of Designations. Devcon refers the Court to the entirety of that agreement for a full and complete description of the agreements, terms, rights and obligations therein.

49.    In response to Paragraph 49 of the Complaint, Devcon denies that it has breached any obligations to Plaintiffs and that any remedy is necessary. Further responding, Devcon denies the allegations set forth in Paragraph 49 of the Complaint.

50.    In response to Plaintiffs' Prayer For Relief, Devcon denies that Plaintiffs are entitled to any of the relief they seek in paragraphs A through E therein.

51.    To the extent not already addressed in the foregoing paragraphs, Devcon denies all other allegations in the Complaint.

## II.

## AFFIRMATIVE DEFENSES

52.    The Complaint fails to state a claim against Devcon upon which relief can be granted in Plaintiffs favor.

53.    Plaintiffs are barred from obtaining any relief against Devcon because of Plaintiffs' failure(s) to satisfy and fulfill all conditions precedent to any claim of recovery.

54.    Plaintiffs' claims against Devcon are barred because of their breaches of duty including, but not limited to, violations of duty imposed by contract, statute and/or any applicable law.

55.    Plaintiffs are barred from recovery because of the failure to mitigate any damages alleged to have been suffered or for which they seek relief.

56.    Plaintiffs' claim is barred by the doctrine of impossibility.

57.    Plaintiffs' claim for "Registration Delay Payments" is barred because they are an unenforceable penalty.

58.    Plaintiff Sandell's claim against Devcon is barred because of the lack of any privity of contract with Devcon.

## REQUEST FOR RELIEF

WHEREFORE, Devcon respectfully requests that this Court dismiss Plaintiffs' claims against Devcon and enter judgment in Devon's favor and against Plaintiffs, providing for the following relief:

    a.      Actual damages;

    b.      Reasonable attorneys' fees;

    c.      Prejudgment and post-judgment interest at the highest rate(s) allowed by law; and

    d.      All costs of this proceeding, and such other and further relief, at law and in equity, to which Devcon may be entitled and which this Court deems proper and just.

Dated: New York, New York
May 14, 2007

                        **BICKEL & BREWER**

                By: _Holly Froum_____
                     William A. Brewer III (WB 4085)
                     Holly R. Froum (HF 0705)

                     767 Fifth Avenue, 50th Floor
                     New York, New York 10153
                     (212) 489-1400

                     **ATTORNEYS FOR DEVCON**
                     **INTERNATIONAL, CORP.**

5132302.2
2041-02

**BICKEL & BREWER**
William A. Brewer III (WB 4085)
Holly Froum (HF 0705)
767 Fifth Avenue, 50th Floor
New York, New York 10153
(212) 489-1400
**Attorneys for Defendant Devcon International Corp.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

|  |  |  |
|---|---|---|
| CASTLERIGG MASTER INVESTMENTS LTD. and SANDELL ASSET MANAGEMENT CORP., | : : : | Civ. No. 07 CV 3283 (PKC) |
| Plaintiffs, | : : : | **RULE 7.1 STATEMENT** |
| - against – | : : | |
| DEVCON INTERNATIONAL CORP., | : : : | |
| Defendant. | : : : | |

-----------------------------------------------------------------x

Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure and to enable the

District Judge of the Court to evaluate possible disqualification or recusal, the

undersigned counsel for Defendant, Devcon International Corp. (a private non-

governmental party), certifies that Defendant is a corporation publicly traded on the

NASDAQ National Market System. Further, Defendant has no parent corporation, and no

publicly held corporation owns 10% or more of Defendant's stock.

Dated: New York, New York                 Respectfully submitted,
May 14, 2007

                                          **BICKEL & BREWER**

                                    By:  _Holly Froum_____
                                          William A. Brewer III (WB 4085)
                                          Holly R. Froum (HF 0705)

                                          767 Fifth Avenue, 50th Floor
                                          New York, New York 10153
                                          (212) 489-1400

                                          **ATTORNEYS FOR DEVCON
                                          INTERNATIONAL, CORP.**

5132710.2
2041-02

**CERTIFICATE OF SERVICE**

I, Holly Froum, Esq., hereby certify that a true and correct copy of the foregoing

document has been sent by First Class mail and via the electronic filing system, on this

14th day of May, 2007 to the following counsel of record:

**McDermott, Will & Emery LLP**
Andrew B. Kratenstein
Michael R. Huttenlocher
340 Madison Avenue
New York, New York 10173-1922
Attorneys for Plaintiffs

By: _Holly Froum_
Holly Froum, Esq.